[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff Stephen Silva was an employee of the defendant Caldor, Inc. when in September 1990 he became aware of an error in the insurance coverage which should have been provided to a third employee. Through corporate negligence, such insurance coverage was not provided to the plaintiff's fellow employee. The plaintiff was allegedly instructed to conceal the corporation error. As a result of plaintiff's unwillingness to conceal the corporate error, he was reprimanded and placed on probation in his job. In the first count, the plaintiff alleges that such action violates Connecticut law in that the plaintiff was reprimanded for reasons that violate public policy.
In count two of the complaint, it is alleged that the plaintiff was placed on employment probation for writing a memorandum seeking to rectify the alleged error in insurance coverage. The second count of the complaint alleges that such disciplinary action is in violation of Connecticut General CT Page 2027-E Statutes 31-51a.
The defendant has filed a motion to strike both the first and second counts of the complaint. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93
(1985). The court must construe the facts in the complaint most favorably to the plaintiff. Amodio v. Cunningham,182 Conn. 80, 82-83 (1980).
In order to state a cause of action for wrongful discharge, a plaintiff must allege "some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 475 (1980). The defendant moves to strike the first count on the grounds that no violation of public policy has occurred. The defendant maintains that Connecticut General Statutes 38a-537, which is relied upon by the plaintiff, does not concern a public policy applicable to the instant case. A reading of 38a-537 reveals that the statute is concerned with notice of cancellation or discontinuation of health insurance benefits to covered employees and with failure to provide health coverage when deductions are taken for such coverage. The instant case concerns the failure to initiate health coverage rather than its cancellation or discontinuance. Similarly, 38a-537 is not applicable here since there is no allegation that deductions were taken from an employee paycheck to procure health coverage.
Furthermore, the defendant attempts to support his argument of a violation of public policy by pointing to General Statutes 31-716, 31-71d, and 31-71e. However, these statutes deal with failure to pay "Wages" as defined by31-71a(3). "For purposes of sections 31-71a to 31-71i `wages' `means compensation of labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculations. 31-71a(3)." Jackson v. General X-Ray Corporation,1 Conn. L. Rptr. 375, 376 (1990). "If the legislature [had] intended to include fringe benefits . . . in the definition of `wages' in Conn. Gen. Stat. 31-71a(3) it could have expressly done so in light of the statutory scheme." Marselle v. Bristol Board of Education, 3 Conn. L. Rptr. 5, 6 (1990) quoting ABC Office Equipment v. Royal Consumer Business Products, 721 F. Sup. 1559,1560 (D.Conn. 1989). Thus, fringe benefits such as health care do not come within the scope of 31-71b, 31-71d, CT Page 2027-F and 31-71e. See Jackson, 1 Conn. L. Rptr. at 376; Marselle, 3 Conn. L. Rptr. Co. Therefore, these statutes do not provide support for the argument that failure to provide health care benefits violates public policy. Accordingly, none of the statutes relied upon by the plaintiff support the view that the defendant's actions violated public policy.
The defendant moves to strike the second count of the complaint by arguing that the actions of the defendant did not violate General Statutes 31-51q. This statute holds a defendant employer liable for disciplining or discharging an employee for exercising his free speech rights guaranteed under the United States Constitution and the Connecticut Constitution. Courts have refused to recognize a cause of action based upon 31-51q where "there `expressions' [of the employees] fall outside of the statute's scope, since the plaintiffs' speech related only to their displeasure with . . . employment policies." Palumbo and Raffone v. Federal Express Corp., CA. No. N-88-3 (AHN) (1989) at 4. See also Donahue v. Unisys, CA. No. H-89-570 (JAC) (1990). While the plaintiff's speech did not pertain to his own benefits, such speech nevertheless related exclusively to the company's employment policies and did not relate to a matter of public concern. Therefore, the plaintiff does not have a cause of action under 31-51q. See Palumbo and Raffone, at 4; Donahue, at 6.
For the foregoing reasons, the defendant's motion to strike should be granted.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT CT Page 2028